IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE RUEL ZAHORA, ET AL. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  06-CV-3520 |
| PRECISION AIRMOTIVE | : | |
| CORPORATION, ET AL. | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                      MARCH 8, 2007

The question before the Court is whether federal regulation of aviation safety preempts state law in such a way that creates federal jurisdiction under the Supreme Court's newly expanded concept of federal question.  The Court remands because no federal question jurisdiction exists.

FACTS & PROCEDURE

This case arises from a plane crash that killed a husband and wife.  The co-executrixes of decedents' estate brought an action against several companies involved in the design, manufacture, maintenance, and repair of the plane.  The complaint alleges negligence, strict liability, misrepresentation, breach of warranty, and breach of contract.

Plaintiffs filed this action in the Court of Common Pleas of Philadelphia County, and defendant Precision Airmotive Corporation removed on the basis of federal question jurisdiction. Plaintiffs moved to remand, and the matter has been fully briefed.[1]

---

[1] Precision and Teledyne Mattituck filed separate oppositions to plaintiffs' motion.  Their positions share much common ground, and for simplicity's sake they will be combined for this discussion.

ANALYSIS

Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In 2005, the Supreme Court clarified that the existence of a private cause of action is not a litmus test for the existence of a federal question, as many federal courts had previously held. Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Rather, the proper test for exercising federal question jurisdiction is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.

Defendants claim that federal question jurisdiction exists under Grable because: (1) they will assert the defense of their compliance with Federal Aviation Administration regulations and component parts; and (2) FAA regulations preempt the entire field of state aviation law. See Abdullah v. American Airlines, Inc., 181 F.3d 363, 367 (3d Cir. 1999).[2]

Whether a claim "arises under" federal law must be determined from the well-pleaded allegations of plaintiff's complaint. Franchise Tax Bd. v. Constr. Laborers Vacation Trust Fund, 463 U.S. 1, 10 (1983).[3] Jurisdiction conferring elements must exist in the complaint because a

---

[2] Defendants do not assert, and Abdullah does not hold, that the preemption of an entire field of law gives rise to federal question jurisdiction. There are only three instances in which the Supreme Court has held that preemption creates federal question jurisdiction: Section 301 of the Labor-Management Relations Act, see Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 558-62 (1968); Section 502(a) of the Employee Retirement Income Security Act, see Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987); and Sections 85 and 86 of the National Bank Act, see Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-11 (2003). Abdullah itself did not present a subject matter jurisdiction issue because it was in federal court on diversity of citizenship. 181 F.3d at 366.

[3] This principle is known as the "well-pleaded complaint" rule. Franchise Tax Bd., 463 U.S. at 9. There are only two exceptions to the rule: complete preemption and the artful pleading doctrine. Complete preemption is discussed in Note 2, *supra*. The artful pleading doctrine allows a court to read a jurisdictional federal element into a complaint where none exists. See Franchise Tax Bd., 463 U.S. at 22. The Third Circuit has suggested that a court may only read jurisdiction conferring elements into a complaint when the complaint concerns an area of the law that

"defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986) (internal citations omitted). Defendants indicated at oral argument that they intend to use Abdullah to assert that their compliance with FAA regulations satisfies their duty to plaintiffs and preempts plaintiffs' common law tort claims. Although this may be a valid litigation strategy, the "fact that a defendant might ultimately prove that a plaintiff's claims are preempted under [federal law] does not establish that they are removable to federal court." Caterpillar, Inc. v. Williams, 482 U.S. 386, 398 (1987).[4]

These precedents notwithstanding, defendants assert that their claims present a federal question under Grable. The Supreme Court has described Grable as one of a "special and small category" of cases. See Empire Health Choice Assurance, Inc. v. McVeigh, 126 S.Ct. 2121, 2137 (2006). In Grable, the Supreme Court found that federal question jurisdiction existed where a former landowner brought a quiet title action against a tax sale purchaser, alleging that the Internal Revenue Service had provided inadequate notice of the land sale. 545 U.S. at 314. Unlike this case, Grable involved "a nearly pure issue of law." McVeigh, 126 S.Ct. at 2137. Litigating tort claims arising from an airplane crash, on the other hand, is a necessarily fact-bound inquiry. To exercise jurisdiction over this matter would risk attracting "a horde of original filings and removal cases raising other state claims with embedded federal issues." Grable, 545

---

has been completely preempted. See Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 310-11, n.5 (3d Cir. 1994). Plaintiffs' complaint does not concern one of the three completely preempted areas, and thus contains no embedded federal issues that would require application of the artful pleading doctrine.

[4] Precision asserts that the General Aviation Revitalization Act ("GARA"), Pub. L. No. 103-298, also creates federal question jurisdiction. The GARA argument does not create federal question jurisdiction because it is just another version of the FAA argument. GARA allows manufacturers of old airplane parts to avoid liability by proving that they delivered the parts at issue over eighteen years ago. Pub. L. No. 103-298, §§ 2(a), (d). But proving the date of delivery under GARA is a defense, much like proving compliance with FAA regulations. See Robinson v. Hartzell Propeller, Inc., 454 F.3d 163, 173 (3d Cir. 2006) (citing with approval to another court's characterization of GARA as "a defense to liability").

U.S. at 318.  This risk is present not only in the aviation context, but also in other areas of extensive federal regulation, such as food and drug law.  Indeed, the Supreme Court has declined to allow alleged violations of branding provisions of the Food, Drug, and Cosmetics Act to create federal question jurisdiction because "if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action."  Id.

      The Court will therefore remand this matter to state court.  An appropriate order accompanies this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE RUEL ZAHORA, ET AL. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-3520 |
| PRECISION AIRMOTIVE | : | |
| CORPORATION, ET AL. | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this       day of March, 2007, it is hereby ORDERED that:

1. Plaintiffs' Motion to Remand (Document No. 26) is GRANTED.

2. This matter is remanded to the Court of Common Pleas of Philadelphia County.

3. The Clerk of Court is directed to mark this matter as CLOSED.

BY THE COURT:

*S/THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.